UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 23-80051-Cr-Rosenberg/Reinhart

18 U.S.C. § 1349
18 U.S.C. § 513(a)
18 U.S.C. § 922(g)(1)

UNITED STATES OF AMERICA

vs.

JAMAR INELUS,

        Defendant.

_____/

FILED BY_____TM_____D.C.

Mar 28, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      JPMorgan Chase Bank ("Chase Bank") was a New York corporation doing business as a bank throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation.

2.      Truist Financial Corporation ("Truist") was North Carolina corporation doing business as a bank holding company throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation. Truist was formed in 2019 as the result of the merger of BB&T (Branch Banking and Trust Company) and SunTrust banks. After the merger and until on or about February 19, 2022, SunTrust and BB&T did not immediately change their names to Truist and continued to operate under the names SunTrust and BB&T. During this time, the accounts of SunTrust and BB&T were insured by the Federal Deposit Insurance Corporation.

3.      Bank of America Corporation ("Bank of America") was a North Carolina

corporation doing business as a bank throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation

4.     Citibank, N.A. ("Citibank") was a New York corporation doing business as a bank throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation.

5.     Defendant **JAMAR INELUS** was a resident of Palm Beach County, Florida.

<u>COUNT 1</u>
**Conspiracy to Commit Bank Fraud**
**(18 U.S.C. § 1349)**

6.     Paragraphs 1 through 5 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

7.     Beginning in or around October 2021, the exact date being unknown to the Grand Jury, and continuing through on or about January 31, 2022, in Palm Beach County, in the Southern District of Florida, the defendant,

**JAMAR INELUS,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including Chase Bank and Truist, which scheme and artifice employed a material falsehood, and to knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain any of the moneys and funds owned by, and under the custody and control of, one or more financial institutions, including Chase Bank, Truist, BB&T, SunTrust, Bank of America, and

2

Citibank by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1).

### PURPOSE OF THE CONSPIRACY

8.      It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, depositing counterfeit checks into accounts opened at, among others, Chase Bank and SunTrust, and then withdrawing money.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

9.      Bank accounts were opened by one or more members of the conspiracy so that counterfeit checks could be deposited into those accounts.

10.     One or more members of the conspiracy obtained counterfeit checks and deposited those checks into the bank accounts.

11.     One or more members of the conspiracy withdrew money from the accounts after the counterfeit checks were deposited.

12.     On or about December 21, 2021, a member of the conspiracy deposited a counterfeit check in the amount of approximately 7,855.45 into Chase Bank checking account ending in 1657.

13.     On or about January 7, 2022, a member of the conspiracy deposited a counterfeit check in the amount of approximately $7,756.24 into SunTrust checking account ending in 2532.

14.     On or about January 21, 2022, a member of the conspiracy deposited a counterfeit check in the amount of approximately $28,442.47 into Chase Bank checking account ending in

0874.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2-11**
**Possession of Counterfeit Obligations of an Organization**
**(18 U.S.C. § 513(a))**

15.     Paragraphs 1-5 of the General Allegations section of this Indictment are re-alleged

and incorporated fully herein by reference.

16.     On or about January 31, 2022, in Palm Beach County, in the Southern District of

Florida, the defendant,

**JAMAR INELUS,**

did knowingly possess a counterfeited and forged security of an organization that operated in and

affected interstate commerce, that is, Citibank and BB&T, as more particularly described in each

count below, with the intent to deceive another person and organization:

| Count | Security and Organization |
|-------|---------------------------|
| 2 | Check #7022, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 3 | Check #7023, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 4 | Check #7024, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 5 | Check #7025, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 6 | Check #7026, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 7 | Check #7027, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |

| Count | Security and Organization |
|-------|---------------------------|
| 8 | Check #7028, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 9 | Check #7029, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 10 | Check #7030, made payable to "A.H." and purporting to be drawn on Citibank checking account ending in 2437 in the approximate amount of $1,000.00 |
| 11 | Check #29882, made payable to "R.F." and purporting to be drawn on BB&T checking account ending in 4685 in the approximate amount of $12,556.37 |

In violation of Title 18, United States Code, Section 513(a).

### COUNT 12
### Possession of a Firearm by a Convicted Felon
### (18 U.S.C. § 922(g)(1))

On or about January 31, 2022, in Palm Beach County, in the Southern District of Florida, the defendant,

**JAMAR INELUS,**

knowingly possessed a firearm, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

### FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JAMAR INELUS,** has an interest.

2.      Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Sections 1349, as alleged in this Indictment, the defendant shall forfeit to the United States

5

any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2).

3.      Upon conviction of a violation of Title 18, United States Code, Section 513(a), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from, any proceeds obtained, directly or indirectly, as the result of such offense, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461.

4.      Upon conviction of a violation of Title 18, United States Code, Section 922(g), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2) and 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and 18 U.S.C. 982(b)(1).

A TRUE BILL

_____
FOREPERSON


_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY


_____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JAMAR INELUS

_____/

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami    ☐ Key West    ☐ FTP
- ☐ FTL      ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect: _____

4. This case will take 3-4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to  5 days             ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes, Judge _____   Case No. _____

7. Has a complaint been filed in this matter? (Yes or No)  No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)  No
   If yes, Judge _____   Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No)  No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No)  No

By:    _____
       MARTON GYIRES
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No./Court No. A5501696

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

Defendant's Name:   JAMAR INELUS

Case No:

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
**\* Max. Term of Imprisonment: 30 years**
**\* Mandatory Min. Term of Imprisonment (if applicable):N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine:  $1,000,000**

Count #: 2-11

Possession of Counterfeit Obligations of an Organization

Title 18, United States Code, Section 513(a)
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable):N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Count #: 12

Felon in Possession of a Firearm

Title 18, United States Code, Section 922(g)(1)
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**