UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80051-RLR

UNITED STATES OF AMERICA

vs.

**JAMAR INELUS,**

      **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **JAMAR INELUS** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 and Count 12 of the Indictment, which charge conspiracy to commit bank fraud (Count 1), in violation of Title 18, United States Code, Section 1349, and possession of a firearm by a convicted felon (Count 12), in violation of Title 18, United States Code, Section 922(g)(1). At sentencing, the government will seek dismissal of the remaining counts of the Indictment.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.

1

The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to thirty years, followed by a term of supervised release of up to five years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000.00. The defendant understands and acknowledges that as to Count 12, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant as to each count ($200 total). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

2

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C) and 982(a)(2) as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853.

8. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

9. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

10. The defendant hereby voluntarily abandons to the Delray Beach Police Department all right, title, and interest in the following items that were seized in this case:

      a. One (1) Glock, model 42, .380 caliber pistol; and
      b. Approximately ten (10) rounds of .380 caliber ammunition;

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend pursuant to 18 U.S.C. § 3663(a)(3) that the Court order the defendant to pay full restitution to the victims of any scheme involving stolen or counterfeit checks for which the defendant will be held accountable at sentencing, including for any charged conduct and any relevant conduct determined by the Court. The amount of restitution will be determined at sentencing based on all the evidence available at that time.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 7/7/23      By: _____
                      MARTON GYIRES
                      ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/23     _____
                      KRISTY MILITELLO
                      ATTORNEY FOR DEFENDANT

Date: 7/13/23     _____
                      JAMAR INELUS
                      DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80051-RLR

UNITED STATES OF AMERICA

vs.

**JAMAR INELUS,**

      Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its undersigned Assistant United States Attorney, and JAMAR INELUS, (hereinafter referred to as "INELUS" or "the Defendant"), together with his counsel, admit that the government can prove the allegations contained in Count 1 and Count 12 of the Indictment, which charge conspiracy to commit bank fraud (Count 1), in violation of Title 18, United States Code, Section 1349, and possession of a firearm by a convicted felon (Count 12), in violation of Title 18, United States Code, Section 922(g)(1). The Defendant stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are not all of the facts known to the government in this case and are offered merely to provide a sufficient factual basis to support the defendant's guilty plea:

    On January 31, 2022, City of Delray Beach Police Department received information that Jamar INELUS was at an apartment complex in Delray Beach, Florida. Police were looking for INELUS because he had outstanding felony warrants. At approximately 1800 hours, police observed INELUS as he exited the apartment and got into the driver's seat of a black Mercedes as the sole occupant of the vehicle. The detectives initiated their lights and exited their police car in fully marked Delray Beach police uniforms in an attempt to arrest INELUS. INELUS attempted to flee on foot but was caught and arrested. After INELUS had been handcuffed, police went back to the black Mercedes. The vehicle was running, and the driver's door was open. Outside of the car, on the ground next to the driver's door, police found a black Glock 42, .380 caliber pistol with a loaded extended magazine with one round in the chamber. This firearm was manufactured outside the state of Florida and thereby traveled in interstate commerce. Later DNA analysis of this firearm concluded essentially that INELUS was a contributor to a DNA sample taken from the firearm. On the ground near

the firearm, police found 9 debit cards with various names on them. Also on the ground was a wallet attached to the Mercedes key fob associated with the vehicle. Inside the wallet was INELUS's Florida Identification card, 2 additional debit cards, these with INELUS's name on them, and 2 additional debit cards with other people's names.

After this, police searched the vehicle. In the glove compartment, police located 10 counterfeit checks. All 10 counterfeit checks had the same signature as the payor. Nine of the checks listed the payor with initials "D.P.H., M.D." with an address in Garden City New York. These 9 checks purported to be from a Citibank account. Each check was written for exactly $1,000. The 10th check had the payor listed as "B"ing The Best, Inc., which is a real McDonald's franchisee, with an address in Lake Park, FL. This check had the same payor signature as the other 9 checks but purported to be a BB&T bank account. It was written for $12,556.37. All 10 checks found in the defendant's car were confirmed to be counterfeit.

An Instagram search warrant for INELUS's Instagram account was later obtained for the date ranges of October 14, 2021 through February 14, 2022. These records showed communications between INELUS and others showing that INELUS would find people to open checking accounts with debit cards, and people would then proceed to deposit fraudulent checks into these accounts, hoping to withdraw money before the fraudulent checks would bounce or were discovered to be fraud by the bank.

A review of subpoena returns and other evidence showed that prior to January 31, 2022, INELUS and his accomplices attempted to deposit at least $97,210.53 worth of fraudulent checks.

Prior to January 31, 2022, INELUS had previously been convicted of a felony. At all times alleged in the Indictment, the financial institutions named in the Indictment were federally insured.

I am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney. I understand that the United States must prove the following facts (or "elements") of the offense beyond a reasonable doubt:

Count 1, conspiracy to commit bank fraud:

> (1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud, as charged in the indictment; and
>
> (2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

The elements for bank fraud are:

(1) the Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution, or to get money, assets, or other property from a financial institution, by using false or fraudulent pretenses, representations, or promises about a material fact;

(2) the false or fraudulent pretenses, representations, or promises were material;

(3) the Defendant intended to defraud the financial institution; and

(4) the financial institution was federally insured.

Count 12, felon in possession of a firearm:

(1) the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce;

(2) before possessing the firearm, the Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and

(3) at the time the Defendant possessed the firearm, the Defendant knew he had previously been convicted of a felony.

I agree that the facts contained in this document are sufficient to prove these elements beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 7/7/23            By: _____
                            MARTON GYIRES
                            ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/23           _____
                            KRISTY MILITELLO
                            ATTORNEY FOR DEFENDANT

Date: 7/13/23           _____
                            JAMAR INELUS
                            DEFENDANT

3